UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL A. CIMINO,

        Petitioner,

    v.                                             16-CV-6204-FPG

THOMAS J. STICHT, Superintendent,          DECISION AND ORDER
Wyoming Correctional Facility,

        Respondent.
_____

## INTRODUCTION

*Pro se* Petitioner Michael A. Cimino filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being detained in violation of his constitutional rights. Petitioner is incarcerated due to separate judgments entered on or about January 14, 2014, in New York State Supreme Court, Monroe County (Affronti, J.), upon his global plea of guilty to two separate accusatory instruments that were consolidated for purposes of judicial economy but not for trial. Pursuant to the plea agreement, Petitioner received youthful offender treatment on a charge of Robbery in the Third Degree (N.Y. Penal Law ("P.L.") § 160.05), and received an indeterminate sentence of one and one-third to four years imprisonment. On a separate charge of Assault in the Second Degree (P.L. § 120.05(4)), Petitioner did not receive youthful offender treatment and received a concurrent determinate sentence of four years imprisonment and three years post-release supervision. Petitioner challenges, primarily, being accorded youthful offender treatment on the Robbery charge but not the Assault charge.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

I. **The Criminal Offenses**

On July 9, 2013, Petitioner, who was 18-years-old, ran up to a stranger in the City of Rochester and grabbed her cell phone. ECF No. 4-1, Exh. 1 to Answer, State Court Record ("SCR 1") at 67-71.[1] On July 18, 2013, during a drug transaction in the Town of Greece, Petitioner drove off while the victim was leaning in the open passenger side window of the vehicle. Petitioner dragged the victim approximately 25-50 feet before stopping. The victim suffered burns and lacerations over her entire body and the heel of her foot had a hole in it. SCR 1 at 64-65.

On July 19, 2013, Petitioner was arraigned on a felony complaint charging him with Assault in the Second Degree, a Class D Felony, in violation of P.L. § 120.05(1); Reckless Endangerment in the Second Degree, a Class A Misdemeanor, in violation of P.L. § 120.20; Endangering the Welfare of a Child, a Class A Misdemeanor, in violation of P.L. § 260.10(1); Leaving the Scene of a Personal Injury Incident without Reporting, a Class B Misdemeanor, in violation of N.Y. Veh. & Traf. Law. ("V.T.") § 0600(2)(A); Unsafe Movement of Stopped Motor Vehicle, an Infraction, in violation of V.T. § 1162; and Harassment in the Second Degree, a Violation, in violation of P.L. § 240.26(1). SCR 1 at 33-34.

On August 12, 2013, Petitioner was indicted for the phone snatching with Robbery in the Third Degree, a Class D Felony, in violation of P.L. § 160.05. SCR 1 at 32.

II. **The Plea Agreement**

Pursuant to a plea bargain that encompassed the felony complaint charging Petitioner with, *inter alia*, Assault in the Second Degree, and the indictment charging him with Robbery in the Third Degree, Petitioner pled guilty to Assault in the Second Degree, in satisfaction of all charges

---

[1] Respondent attached as Exhibits to its Answer three volumes of underlying state court records (ECF Nos. 4-1, 4-2 and 4-3). Those records will be referred to as "SCR" 1, 2, or 3.

related to the dragging incident, and Robbery in the Third Degree related to the cell phone incident. On the Robbery charge, it was agreed that Petitioner would be adjudicated a youthful offender and receive a sentence of one and one-third to four years. On the Assault charge, Petitioner agreed to waive indictment and plead guilty to an information charging him with Assault in the Second Degree, and explicitly agreed that he would not be treated as a youthful offender and receive a concurrent sentence of four years with three years of post-release supervision. SCR 1 at 33-38, 40-70 (Plea Minutes).

The trial court conducted a thorough plea colloquy with Petitioner and, on each offense he agreed to plead guilty to, Petitioner confirmed that he understood his rights and the consequences of his guilty plea in both cases (SCR 1 at 40-70), including that he would be treated as a youthful offender on the Robbery charge but not the Assault charge (SCR 1 at 50-53). The trial court accepted Petitioner's guilty plea in both cases. At no time were the two accusatory instruments consolidated for trial.

### III. Sentence

On January 14, 2013, Petitioner was sentenced according to the terms of the plea agreement. The trial court indicated that it reviewed the pre-sentence report and that it supported the sentence. SCR 1 at 80-82. Pursuant to the plea, Petitioner was treated as a youthful offender on the Robbery charge but not the Assault charge. The court sentenced him to concurrent terms of one and one-third to four years imprisonment on the Robbery charge and four years imprisonment and three years of post-release supervision on the Assault charge. SCR 1 at 86-88. Two separate Sentencing and Commitment Orders were entered—one for the Robbery offense and one for the Assault conviction. SCR 1 at 91-92.

## IV. Direct Appeal

Petitioner appealed *pro se* to the Appellate Division, Fourth Department from both judgments. SCR 2 at 9-18. Petitioner raised three grounds on appeal: (1) the trial court erred in not determining whether to grant youthful offender treatment on the Assault in the Second Degree charge; (2) when youthful offender treatment is granted on one charge, it should be granted on all charges; and (3) whether the law authorizes an aggregate determinate sentence in excess of four years when a defendant has been granted youthful offender status. SCR 2 at 5, 10, 13-17. The appeal from the youthful adjudication on the Robbery charge ("Appeal No. 1") was dismissed, because Petitioner did not raise any contentions with respect to that adjudication in Appeal No. 1. SCR 2 at 41-44. The Appellate Division affirmed the Assault in the Second Degree conviction ("Appeal No. 2"). SCR 2 at 42-43. Petitioner moved for reargument and the motion was denied. SCR 2 at 128.

Petitioner sought leave to appeal to the New York State Court of Appeals, raising only two grounds—points one and three of his brief to the Appellate Division: (1) whether youthful offender treatment can be "foregone" as part of plea-agreement; and (2) whether the sentencing court guidelines applicable to the youthful offender statute permit the court to impose an aggregate four year determinate sentence plus three years of post-release supervision. SCR 3 at 217-26.[2] The Court of Appeals denied Petitioner's applications for leave to appeal. SCR 3 at 229-30.

## V. Post-Conviction Motions

Petitioner filed two motions for post-conviction collateral relief pursuant to N.Y. Crim. Proc. L. § 440.20 ("440.20 Motion"). The first motion alleged that Petitioner's sentence on the Assault in the Second Degree conviction was illegally imposed, unauthorized, or otherwise invalid

---

[2] Exhibit 3 to the Answer (ECF No. 4-3) does not contain separate page references generated by CM/ECF, as do Exhibits 2 and 3; therefore, the Court refers to the actual page numbers of the state court records Respondent submitted.

4

"on the sole ground" that New York's youthful offender statute, N.Y. Crim. Proc. L., § 720.20 "is unconstitutional." Petitioner argued that the statute violated the "Equal Protection Clause of the Constitution because there [was] no rational basis for the disparity in the [s]tatutes' [sic] treatment of alike [y]outhful [o]ffenders, such as myself." SCR 3 at 232. Had the two accusatory instruments charging the separate crimes of Robbery and Assault been consolidated for purposes of trial, and not judicial economy, the trial court would have been required under New York law, *see People v. Cory T.*, 59 A.D.3d 1063 (4th Dep't 2009), to treat Petitioner as a youthful offender with respect to both offenses. SRC 3 at 233-34.

The trial court denied the motion stating:

> [t]here is no constitutional right to youthful offender status and such treatment is entirely a gratuitous creature of the Legislature subject to such conditions as the Legislature may impose without violation constitutional guarantees. The classification is therefore cloaked with a presumption of validity which may be overcome only if no grounds can be conceived to justify [it].

SCR 3 at 236 (quotation marks and citation omitted). Petitioner's adjudication as a youthful offender with respect to the Robbery offense, "'did not require that he be adjudicated a youthful offender with respect to the assault conviction, where, as here, the robbery and assault charges were not set forth in separate counts of a single accusatory instrument or in two or more accusatory instruments consolidated for trial purpose.'" SCR 3 at 236 (quoting *People v. Michael, A.C.*, 128 A.D.3d 1359, 1360 (4th Dep't 2015), *lv. denied* 15 N.Y.3d 299)) (other citations omitted). The Appellate Division denied Petitioner's application for leave to appeal. SCR 3 at 249.

The second 440.20 Motion raised two claims: (1) because New York law required consideration of youthful offender treatment for each of Petition's convictions, the trial court violated the Due Process Clause of the Fourteenth Amendment when it failed to consider such treatment with respect to the Assault conviction; and (2) the aggregate four-year determinate

5

sentence plus three years of post-release supervision for a youthful offender was illegal under New York law, and therefore violated the Due Process Clause of the Fourteenth Amendment. SCR 3 at 250-52. The trial court denied the motion because Petitioner's "present contentions were previously rejected on direct appeal." SCR 3 at 254 (citing *Michael, A.C.* (Appeal No. 2), 128 A.D.3d at 1360). The Appellate Division denied Petitioner' application for leave to appeal based on the same grounds raised in the § 440.20 Motion. SCR 3 at 263.

## DISCUSSION

Petitioner raises three grounds in his Petition: (1) the trial court violated his due process rights by requiring him to agree to forego youthful offender treatment as part of the plea and failing to consider treating and sentencing him as a youthful offender on the Assault conviction; (2) the trial court denied him due process when it imposed an aggregate four-year sentence of imprisonment and three-years post-release supervision for the Robbery and Assault offenses, which is an illegal sentence for a youthful offender under New York law; and (3) N.Y. Crim. Proc. L. § 720.20 is unconstitutional under the Equal Protection Clause because it permitted the sentencing court to provide Petitioner youthful offender status on one accusatory instrument (Robbery) and not another (Assault), but if Petitioner had exercised his right to trial and the accusatory instruments had been consolidated for trial, the trial court would have had to provide Petitioner youthful offender status on both the Assault and Robbery offenses. ECF No. 1 at 5-6.

**I.     Ground One: the trial court's consideration of youthful offender status with respect to the Assault charge.**

Petitioner alleges that, pursuant to the global plea on both accusatory instruments, the trial court violated his due process rights when it refused to consider granting him youthful offender status on the Assault conviction in violation of New York law. Respondent argues that Petitioner failed to exhaust this claim and it is therefore procedurally defaulted because on direct appeal

6

Petitioner raised only the factual and state-law premise of this claim. To properly exhaust state court remedies, *see* 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner must "fairly present" his federal claim in each appropriate state court, "thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also, e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir. 2005) (To "fairly present" constitutional claims, "[t]he petitioner must apprise the highest State court of both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition."). Because Petitioner did not cite federal statutes or case law deciding similar claims in his appellate brief, and he did not "label his claim 'federal,'" Respondent asserts that Petitioner failed to provide the Appellate Division an opportunity to decide his federal due process claim.

A review of Petitioner's brief and reply brief to the Appellate Division on his direct appeal readily establishes that Petitioner did not present a federal due process claim, but relied solely on state law in support of his claim that the trial court failed to consider granting him youthful offender status on the Assault offense. SCR 1 at 122-123. Petitioner did not refer to or rely on the Fourteenth Amendment's Due Process Clause to support this claim. Therefore, because Petitioner does not suggest and the record does not support that he established cause for the default and that prejudice resulted from the trial court's alleged error, *see Coleman v. Thompson*, 501 U.S. 722 (1991), this ground cannot provide a basis for federal habeas relief.

Additionally, the fact that Petitioner later raised this ground for relief on his second 440.20 Motion does not remedy the default on direct appeal. *See, e.g.*, *Zacher v. Graham*, No. 6:14-CV-06027 (MAT), 2016 WL 368086, at *7 (W.D.N.Y. Feb. 1, 2016) ("Collateral review of [a] [h]abeas [c]laim . . . on a motion to vacate the judgment also is barred because the issue was previously determined on the merits on direct appeal.") (citing N.Y. Crim. Proc. L. § 440.10(2)(a);

N.Y. Crim. Proc. L. § 440.10(2)(c) (barring review if a claim could have been raised on direct review)). The trial court denied the second motion pursuant to N.Y. Crim. Proc. L. § 440.20 because the claim was raised and rejected on direct appeal. SCR 3 at 254. The denial of Petitioner's second 440.20 Motion on this independent and adequate state ground precludes review by this Court. *See Campbell v. Sheehan*, No. 14-CV-06585 (MAT), 2015 WL 7288703, at *6 (W.D.N.Y. Nov. 16, 2015) (citing *Cruz v. Berbary*, 456 F. Supp. 2d 410, 49-20 (W.D.N.Y. 2006)).

Even assuming that this ground was not procedurally defaulted and Petitioner had exhausted this first ground for relief, the Court nonetheless finds that this ground must be denied on the merits. The basis of this claim is that the trial court did not consider youthful offender status at sentencing with respect to the Assault conviction and thereby denied Petitioner due process. Respondent concedes that if true, this violates New York's youthful offender statute, *see People v. Rudolph*, 21 N.Y.3d 497, 501 (2015), but, as clearly stated in the Appellate Division's Memorandum and Order affirming the Assault conviction, the "record belies defendant's contention that the court failed to determine whether he was eligible for youthful offender status and we conclude that the court did not abuse its discretion in refusing to grant defendant youthful offender status[.]" SCR 2 at 42-43 (citations omitted).

State court factual determinations are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The plea colloquy clearly demonstrates that the trial court considered youthful offender status on the Assault conviction and addressed directly with Petitioner why it would grant youthful offender status on the Robbery offense only. At sentencing, the prosecutor and defense counsel recommended that, pursuant to the plea, the court grant youthful offender status on the Robbery offense but not the Assault conviction. SCR 1 at 81-82. The court indicated that it reviewed the pre-sentence report and considered counsels'

arguments and that Petitioner's sentence commitment was supported by the report and the court's "awareness and knowledge of the background and history of the [Petitioner]." SCR 1 at 81-82. The state court record shows clearly that the court considered and rejected youthful offender status with respect to the Assault conviction.

Additionally, Petitioner's claim is premised solely on a state law violation, *i.e.*, that N.Y. Crim. Proc. L. § 720.20 requires a sentencing court to consider youthful offender treatment for 16- to 18-year-old first time felons, and a court's failure to do so violates due process. A state law violation does not give rise to a federal due process claim. *See, e.g.*, *Cunningham v. Conway*, 717 F. Supp. 2d 339, 347 (W.D.N.Y. 2010) (adopting report & recommendation); *Holliday v. New York,* No. 10-CV-0193(MAT), 2011 WL 2669615, at *2 (W.D.N.Y. July 7, 2011). Lastly, Petitioner has not established in any way that he was denied a liberty interest without due process based on the trial court's alleged failure to follow state law and consider youthful offender treatment on the Assault conviction. "There is 'no independent due process right to either youthful offender treatment or to any particular procedure for denying it, so long as the trial court imposed a sentence that was lawful under state law.'" *Mobley v. Zenzen*, No. 15-CV-1001, 2016 WL 1049007, at * 9 (N.D.N.Y. Mar. 11, 2016) (citation omitted); *see also Jones v. Perez*, No. 14-CV-6502, 2015 WL 268917, at *2 (W.D.N.Y. Jan. 2, 2015) ("The Second Circuit has stated that no federal constitutional issue amenable to habeas review is presented where the sentence is within the range prescribed by state law.") (citing *White v. Keane,* 969 F.2d 1381, 1383 (2d Cir. 1992) (citation omitted)). There is no question here that the trial court was fully aware of the youthful offender statute, and, in fact, considered it at the time of the plea allocution and imposed a lawful sentence agreed upon during the plea allocution by Petitioner on the Assault conviction.

Accordingly, even if Petitioner's first ground had not been procedurally defaulted, his due process claim would be denied.

## II. Ground Two: the trial court's aggregate sentence of four years imprisonment and three years post-release supervision.

Petitioner claims, as best the Court can discern, that his due process rights were violated when he received an aggregate sentence of four years imprisonment with three years of post-release supervision, which exceeded the maximum sentence permitted under New York law for a youthful offender. Petitioner asserts that this sentence turned his "aggregated [y]outhful [o]ffender sentence into an illegal determinate sentence under New York law." ECF No. 1 at 7, 35; SCR 2 at 16-17. Under New York law, a sentence imposed on a defendant accorded youthful offender status can be no greater than a determinate sentence for a Class E felony—one and one-third to four years. P.L. §§ 60.02(2), 70.00(2)(e), (3)(b). Because the maximum terms of concurrent indeterminate and determinate sentences are "mer[g]ed or aggregated and 'made into one'" pursuant to N.Y. Crim. Proc. L. § 70.30(1)(a) (ECF No. 1 at 33 (quoting *People v. Buss*, 11 N.Y.3d 553, (2008)), and are satisfied by the discharge of the term with the most time remaining, the aggregate sentence violated New York law.

Respondent again submits that this claim is procedurally barred for the same reasons discussed above. Petitioner's brief to the Appellate Division did not alert it to the federal nature of this claim and he did not cite federal law in support of the claim. SCR 2 at 16-17 (Point Three). Similar to the first claim, Petitioner raised this claim in his second 440.20 Motion, but this does not rectify the procedural default because New York's procedural rules preclude a motion for collateral relief on a claim that that was decided on direct appeal. *See* N.Y. Crim. Proc. L. § 440.20(2). The dispositive basis of Petitioner's claim that the aggregate sentence violated New

York law was raised on direct appeal and the Appellate Division found it meritless. SCR at 16-18, 42-43.

As the Court found with respect to Petitioner's first claim, the Court finds that this claim is procedurally defaulted. Further, when considering the merits of this claim, the Court finds, without further discussion, that the due process claim is meritless and is denied.

### III. Ground Three: New York's youthful offender statutory scheme and the Equal Protection Clause of the Fourteenth Amendment.

Petitioner claims that New York's youthful offender statute violates the Equal Protection Clause because it provides that if a youthful offender is charged with two or more offenses in the same accusatory instrument, or in two or more accusatory instruments consolidated for trial purposes, the trial court "must not find [him] a youthful offender with respect to any such conviction . . . unless it finds him a youthful offender with respect to all such convictions[,]" N.Y. Crim. Proc. L. § 720.20(2), but if, like here, two separate accusatory instruments are consolidated for judicial economy only, one can be treated a youthful offender on one but not the other. Petitioner asserts that this creates an unlawful disparity that is not supported by a rational basis. ECF No. 1 at 8, 34. This claim was first raised on the second 440.20 Motion and the trial court denied it on the merits. SCR 3 at 231-36. Petitioner's application for leave to appeal from the denial of his motion was denied. SCR 3 at 249. Petitioner, therefore, fully exhausted this claim but, as discussed below, the state court's decision was not contrary to, or an objectively unreasonable application of, federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 409 (2000).

This standard is intentionally "difficult to meet." *White v. Woodall*, 134 S. Ct. 1697, 1072 (2014) (citation omitted). "To obtain habeas corpus relief from a federal court, a state prisoner must show that the challenged state-court ruling rested on 'an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement.'" *Metrish v. Lancaster*, 569 U.S. 351, 357 (2013) (quoting *Harrington v. Richter,* 562 U.S. 86, 103 (2011)). Here, there is simply no basis to find that the state court's decision on this claim was erroneous, let alone objectively unreasonable as defined by the Supreme Court.

The state trial court judge denied the motion finding:

> There is no constitutional right to youthful offender status and such treatment is a[n] entirely gratuitous creature of the Legislature subject to such conditions as the Legislature may impose without violating the constitutional guarantees. The classification is therefore cloaked with a presumption of validity which may be overcome only if no grounds can be conceived to justify [it].
>
> Defendant's adjudication as a youthful offender with respect to the robbery conviction . . . did not require that he be adjudicated a youthful offender with respect to the assault conviction where, as here, the robbery and assault charges were not set forth in separate counts of an accusatory instrument or in two or more accusatory instruments consolidated for trial purposes.

SCR 3 at 234 (internal quotations and citations omitted).

Because the two crimes were charged in separate accusatory instruments, the trial court was free to adjudicate Petitioner a youthful offender with respect to the Robbery indictment and not with respect to Assault criminal information because the two accusatory were not consolidated for trial. N.Y. Crim. Proc. L. § 720.20(2). The youthful offender classification does not involve a fundamental right for youths who commit felonies and it does not involve a suspect classification, *see City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985), and, therefore, the question is whether there is any conceivable rational basis for the classification. Respondent asserts that the rational basis for distinguishing between offenses contained in a single accusatory instrument or consolidated for trial and those that are not is set forth in New York's Criminal Procedure Law. ECF No. 5 at 19. Criminal offenses may brought in a single charging document or in separate ones consolidated for trial, only where:

12

> (a) They are based upon the same act or upon the same criminal transaction; . . . or
>
> (b) Even though based upon different criminal transactions, such offenses, or the criminal transactions underlying them, are of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first; or
>
> (c) Even though based upon different criminal transactions, and even though not joinable pursuant to paragraph (b), such offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law; . . . .

N.Y. Crim. Proc. L. § 200.20(2); *see also id.* at §§ 100.45, 200.20(4). The rational basis permitting the treatment set forth in the youthful offender statute is that legally and factually related criminal offenses should be treated similarly for sentencing purposes. The two offenses herein were not similar or related in any way. Thus, they could not have been charged in one indictment or consolidated for trial. The trial court was thus permitted to accord Petitioner youthful offender treatment on one but not the other without violating the Equal Protection Clause. Accordingly, Petitioner's third ground for relief is denied.

## CONCLUSION

For the reasons stated, the Petition (ECF No. 1) is DISMISSED. Because Petitioner failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability will issue. *See* 28 U.S.C. § 2253(c)(2). The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this judgment would not be taken in good faith and that leave to appeal as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of

Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: March 7, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court